*E-Filed 3/1/16*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHARLES ANTHONY BROOKS, | No. C 15-5247 RS (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE BY APRIL 11, 2016 WHY THE PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION** |
| v. | |
| SAVAS JAMES LOUKEDIS, | |
| Respondent. | |

Petitioner seeks federal habeas relief from his 2006 state conviction for committing a lewd and lascivious act on a child under the age of fourteen. This is the second habeas action petitioner has filed regarding this same conviction. The prior action, which was filed in 2014, was dismissed because petitioner failed to respond to the Court's order to show cause why the action should not be dismissed. (Case No. 14-3797, Docket No. 6.) The instant petition is subject to dismissal for the same reasons given in the order to show cause filed in this prior action.

In the prior petition, petitioner asserted that he was no longer in custody (neither incarcerated nor on parole or probation) serving the term imposed for his 2006 conviction. (14-3797, Docket No. 1 at 2.) Currently, petitioner is housed at San Quentin State Prison, though the Court does not know what state court judgment is the basis for the sentence he is serving now.

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition

after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this Court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

The custody requirement does not mandate that a prisoner be physically confined. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). A petitioner who is on parole at the time of filing is considered to be in custody, see *Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963) and *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). Custody is found where the sentence imposed significantly restrains petitioner's liberty, *see, e.g., Dow v. Circuit Court*, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to fourteen-hour alcohol abuse rehabilitation program sufficient to place petitioner in custody), but not where only a fine is imposed, *see Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (sentence which only imposes fine not enough to satisfy custody requirement even if petitioner faces imprisonment for failure to pay).

It appears petitioner is not in custody under the state court judgment for the 2006 conviction. If this is true, this Court lacks jurisdiction over his habeas petition. Accordingly, petitioner is ordered to show cause on or before **April 11, 2016** why the petition should not be dismissed for lack of jurisdiction.

**No extensions of time will be granted.** If petitioner fails to respond to this order to show cause, the action will be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

Petitioner's application to proceed *in forma pauperis* (Docket Nos. 2 and 4) is GRANTED. The Clerk shall terminate Docket Nos. 2 and 4.

**IT IS SO ORDERED**.

DATED: March 1, 2016

RICHARD SEEBORG
United States District Judge

No. C 15-5247 RS (PR)
ORDER TO SHOW CAUSE
2