UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

CHARLES ANTHONY BROOKS,                     No. C 15-5247 RS (PR)

    Petitioner,                                                **ORDER OF DISMISSAL**

  v.

SAVAS JAMES LOUKEDIS,

    Respondent.
_____/

**INTRODUCTION**

The Court ordered petitioner to show cause why his habeas petition should not be dismissed for lack of jurisdiction. His response fails to show such cause. Consequently, his petition is DISMISSED for want of jurisdiction.

**DISCUSSION**

Petitioner seeks federal habeas relief from his 2006 state conviction for committing a lewd and lascivious act on a child under the age of fourteen. In the order to show cause, he was asked for the second time to show whether he is in custody for the 2006 conviction.[1]

---

[1] This is the second habeas action petitioner has filed regarding this same conviction. The prior action, which was filed in 2014, was dismissed because petitioner failed to respond to the Court's order to show cause why the action should not be dismissed. (Case No. 14-3797, Docket

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision for the conviction he is challenging is not "in custody" for the purposes of this Court's subject matter jurisdiction and his petition is therefore properly denied. *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

The custody requirement does not mandate that a prisoner be physically confined. *Maleng v. Cook*, 490 U.S. 488, 491 (1989). A petitioner who is on parole at the time of filing is considered to be in custody, see *Jones v. Cunningham*, 371 U.S. 236, 241–43 (1963) and *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990), as is a petitioner on probation, *see Chaker v. Crogan*, 428 F.3d 1215, 1219 (9th Cir. 2005). Custody is found where the sentence imposed significantly restrains petitioner's liberty, *see, e.g., Dow v. Circuit Court*, 995 F.2d 922, 923 (9th Cir. 1993) (sentence of mandatory attendance to fourteen-hour alcohol abuse rehabilitation program sufficient to place petitioner in custody), but not where only a fine is imposed, *see Dremann v. Francis*, 828 F.2d 6, 7 (9th Cir. 1987) (sentence that only imposes fine not enough to satisfy custody requirement even if petitioner faces imprisonment for failure to pay).

Petitioner has not asserted, nor provided any evidence, that he satisfies the custody requirement.[2] Therefore, he has not shown cause why the action should not be dismissed.

For the reasons stated above, the Court concludes that it lacks jurisdiction over this action.

---

No. 6.) In the prior petition, petitioner asserted he was no longer in custody (neither incarcerated nor on parole or probation) for the term imposed for his 2006 conviction. (*Id.*, Docket No. 1 at 2.) He is housed now at San Quentin State Prison, though the Court does not know what state court judgment is the basis for his current incarceration.

[2] Petitioner contends, it seems, that the Court should, as a matter of equity and fairness, hear the merits of his petition. The Court cannot hear a case over which it lacks jurisdiction, however, whatever the merits of the suit. When a court lacks jurisdiction, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 7 Wall. 506, 514 (1868).

1  *De Long*, 912 F.2d at 1146.  Accordingly, the petition will be dismissed.

## CONCLUSION

This action is DISMISSED for want of jurisdiction.  The order to show cause is DISCHARGED.  The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED**.

DATED:  March  23, 2016

_____
RICHARD SEEBORG
United States District Judge